UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER WILLIAMS,

        Plaintiff,

v.                                     Case No. 3:24-cv-1108-BJD-LLL

DANIEL WEBSTER,

        Defendant.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Christopher Williams, an inmate of the Florida Department of Corrections (FDC), initiated this action *pro se* by filing a complaint for the violation of civil rights (Doc. 1). He names one Defendant: United States Congressman Daniel Webster. *See* Doc. 1 at 2. Plaintiff claims he is a "slave" of the United States by virtue of his incarceration in the FDC, a realization he recently made when he read "the language [of] the 13th Amendment [and discovered] that slavery is not 100% abolished" in this country, contrary to what he learned in school. *Id.* at 4–5 (internal punctuation omitted). As relief, he seeks public attention to "this matter," for Congressman Webster to "work to change the language [of] the 13th Amendment," and damages for pain and mental suffering. *Id.* at 5.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).[1] Since the PLRA's "failure-to-state-a-claim" language mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit

---

[1] Plaintiff has not paid the filing fee, nor has he filed a motion to proceed as a pauper under 28 U.S.C. § 1915(a). Given he has not paid the filing fee, the Court presumes he intends to proceed as a pauper.

A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Iqbal*, 556 U.S. at 678.

Plaintiff seeks to sue a United States Congressman. As such, *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), is the controlling authority. "*Bivens* established that the victims of a *constitutional* violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980) (emphasis added). Plaintiff does not identify a plausible constitutional violation of which he was a victim. "[W]here a person is duly tried, convicted, sentenced and imprisoned for [a] crime in accordance with [the] law, no issue of peonage or involuntary servitude arises. The Thirteenth Amendment has no application where a person is held to answer for a violation of a penal statute." *Omasta v. Wainwright*, 696 F.2d 1304, 1305 (11th Cir. 1983). Plaintiff also does not allege that any perceived violation was Congressman Webster's fault. *See* Doc. 1 at 4.

It appears Plaintiff is attempting to shroud an attack on his conviction as a grievance about the wording of the Thirteenth Amendment. If Plaintiff seeks to challenge his criminal conviction, a civil rights action is not the proper avenue through which to seek relief. *See Preiser v. Rodriguez*, 411 U.S. 475,

3

486, 489 (1973) (explaining that "habeas corpus [is] . . . the specific instrument to obtain release" from allegedly unlawful confinement, and a state prisoner must first seek relief in the state court before seeking relief in federal court).

Accordingly, it is

**ORDERED:**

1.      This case is **DISMISSED without prejudice**.

2.      The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of November 2024.

BRIAN J. DAVIS
United States District Judge


Jax-6
c:      Christopher Williams, #K59527